UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | CASE NO. 1:07-mj-576 |
| ) | |
| **KWAME NYARKO OSEI-BOATENG,** ) | |
| *Defendant.* ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Reopen (Dkt. No. 21). For the reasons set forth below, it is hereby ORDERED that the Defendant's Motion to Reopen is DENIED.

On July 7, 2007, Defendant Kwame Nyarko Osei-Boateng was charged in a criminal complaint with making a false statement to federal law enforcement, in violation of 18 U.S.C. § 1001(a)(2). After Mr. Osei-Boateng's successful completion of the Department of Justice's Pretrial Diversion Program, the Court granted the United States' motion to dismiss the complaint without prejudice on November 30, 2007.

On February 6, 2015, Mr. Osei-Boateng filed a Motion to Reopen the criminal case and requested a court order declaring that he is the "true and original bearer of the name 'Kwame Osei-Boateng'" and that "the other 'Kwame Osei-Boateng' . . . against whom several arrest warrants have issued is an imposter whose real name is PRINCE ABREFA." Def.'s Mot. to Reopen at 2. A hearing was held on March 17, 2015, at which time the Court requested supplemental briefing from both parties. Having reviewed the parties' additional briefing, the Court concludes that Defendant's motion is not properly before this Court.

First, Mr. Osei-Boateng seeks to "reopen" a criminal case that was resolved by dismissal in 2007. Yet, "neither the federal statutes nor the Rules of Criminal and Appellate Procedure provide for a motion to reopen or a motion for reconsideration in a criminal case." *United States v. Ward*, 490 Fed. App'x 581, 582 (4th Cir. 2012) (unpublished).

Second, the relief Mr. Osei-Boateng seeks is wholly unrelated to, and does not affect, the original criminal charges brought against him—and ultimately dismissed—in 2007. Federal courts have no authority to issue orders that "cannot affect the matter in issue in the case before it." *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992); *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (federal courts must decide "live" cases). Mr. Osei-Boateng has not asserted that any aspect of the criminal proceedings against him is unresolved or merits reconsideration. Thus, the relief sought has no bearing on the matter at issue in this case.

Third, Mr. Osei-Boateng requests relief involving a dispute with a third party, "Prince Abrefa," who Defendant alleges has unlawfully assumed his identity. Def's Supp. Brief at 6. No dispute exists between the parties in this criminal case, *i.e.* Mr. Osei-Boateng and the United States. The "case or controversy" requirement in Article III of the United States Constitution limits federal courts to questions presented "in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Shenandoah Valley Network v. Capka*, 669 F.3d 194, 201 (4th Cir. 2012) (citing *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). Thus, in order for a suit to be justiciable, there must be an actual dispute between adverse parties. *Id.* at 201-02 (citing *United States v. Johnson*, 319 U.S. 302, 304-05 (1943) (holding that "the absence of a genuine adversary issue between the parties" meant that the case was not justiciable); *Muskrat v. United States*, 219 U.S. 346, 361 (1911) (stating that federal courts may only decide

"actual controversies arising between adverse litigants")). Because such a dispute is lacking here, this Court is without jurisdiction to grant the relief Mr. Osei-Boateng seeks.

Accordingly, Defendant's Motion to Reopen is DENIED. The Clerk is directed to send a copy of this Order to all counsel of record.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

Michael S. Nachmanoff
United States Magistrate Judge

September 22, 2015
Alexandria, Virginia